```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 09-14082-Civ-MARTINEZ
                          MAGISTRATE JUDGE P.A. WHITE

HAROLD NORMAN BROTHERS,         :

     Petitioner,                :

v.                              :     REPORT OF
                                      MAGISTRATE JUDGE
WALTER A. McNEIL,               :

     Respondent.                :
_____
```

## I. Introduction

Harold Brothers, who is presently confined at Century Correctional Institution in Century, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 01-0088, entered in the Nineteenth Judicial Circuit Court for Martin County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause and appendix of exhibits, and Brothers' response to the limitations period and reply.

## II. Procedural History

Brothers was convicted of second-degree attempted murder, robbery with a firearm or deadly weapon, and grand theft of a motor vehicle, for which he received sentences of thirty years, life, and

five years, respectively.[1] Defense counsel filed an Anders[2] brief and motion to withdraw because no meritorious appellate issues existed. See [DE# 9, Ex. 2]. The Fourth District Court of Appeal affirmed the conviction and sentence on January 2, 2003. Brothers v. State, 837 So. 2d 990 (Fla. 4th DCA 2003) (4D02-2038). The court denied Brothers' pro se motion for rehearing on February 6, 2003. [DE# 9, Ex. 2].

On May 18, 2004, Brothers filed a Rule 3.850 motion for post-conviction relief in which he argued counsel was ineffective for: (1) failing to move to suppress Brothers' taped statement obtained after he requested counsel; (2) withdrawing an objection that allowed the jury to have a transcript of Brothers' taped statement; (3) agreeing that Brothers' motion to discharge due to speedy trial was moot if trial commenced on March 19, 2002; (4) failing to effectively impeach State witnesses with prior inconsistent statements and failing to object to perjured testimony; (5) failing to have an expert examine the knife allegedly used to cut the victim; (6) failing to reasonably investigate and call Mark Long as a defense witness; (7) failing to present any evidence or argument in defense of the robbery with a deadly weapon and conceding his guilt on that charge, and failing to argue for the lesser offense of simple robbery; and (8) failing to present evidence that Rebecca Hess had a mental disorder and was using psychotropic drugs at the time of the offense and trial. Brothers argues (9) the cumulative effect of the foregoing deprived him a fair trial. [DE# 9, Ex. 3].

The court denied relief on Claims (2), (3), (6). [DE# 9, Ex.

---

[1] See http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=445691964 (Florida Department of Corrections website).

[2] Anders v. California, 386 U.S. 738 (1967).

5]. The trial court ordered an evidentiary hearing for Claims (1), (4), (5), (7), (8) and (9) because they were not conclusively refuted by the record. The court denied these Claims following an evidentiary hearing. [DE# 9, Ex. 8]. The Fourth District per curiam affirmed. Brothers v. State, 1 So. 3d 187 (Fla. 4th DCA 2009) (4D08-1604). The mandate issued on March 6, 2009. [DE# 9, Ex. 13].

Brothers filed the instant petition on March 6, 2009.[3] He raises the same claims of ineffective assistance of trial counsel as in his May 8, 2004, Rule 3.850 motion.

### III. Statute of Limitations

A one-year statute of limitations applies to petitions for writ of habeas corpus filed by State prisoners. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327 (2007); Helton v. Sec'y, Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) ("Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."). For equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2)

---

[3] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336 (citation omitted).

Brothers' conviction and sentence became final on May 8, 2003, ninety days after the Fourth District denied rehearing on direct appeal. Hollinger v. Sec'y, Dep't of Corr., 334 Fed. Appx. 302 (11th Cir. 2009). He had until May 8, 2004, to file a petition for writ of habeas corpus. He filed the instant petition on March 6, 2009. Therefore, the petition is untimely unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. § 2244(d)(2). He filed no such application. He filed his first motion for post-conviction relief on May 18, 2004, after AEDPA's one-year time limit had expired. The motion therefore had no tolling effect. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001) (petition for relief in state court filed after the federal limitations period has expired cannot toll the period because nothing remains to be tolled).

Brothers contends equitable tolling should apply because the lack of legal documents delayed the preparation and filing of his Rule 3.850 motion. Equitable tolling is not warranted because Brothers fails to demonstrate (1) he pursued his rights diligently, and (2) extraordinary circumstances prevented timely filing. First, Brothers did not diligently seek a copy of the record on appeal and trial transcripts. He claims he filed an ex parte motion seeking the record on appeal on June 22, 2003, and a notice of inquiry concerning his trial transcripts on January 28, 2004. These two requests, one four months after his motion for rehearing was denied on direct appeal and another seven months later, fail to establish diligence. He does not explain why he waited so long to request

4

documents and why he did not simply request copies from appellate counsel. Further, he does not state when he actually received the documents, why the remaining time was inadequate to timely seek post-conviction relief, and why filing his post-conviction motion was dependent on having the record and transcript. See, e.g., Bannister v. United States, 2009 WL 4894500 (S.D. Fla. Dec. 18, 2009) (bare allegations of failing to have any legal materials is not sufficient, by itself, entitle petitioner to equitable tolling); Eubanks v. McNeil, 2009 WL 3232689 (M.D. Fla. Sept. 30, 2009) (the absence of records does not preclude a prisoner from commencing post-conviction proceedings and is not an extraordinary circumstance that would warrant equitable tolling).

Second, Brothers fails to allege any extraordinary circumstances prevented timely filing. He simply argues the "[c]ircumstances, conditions and realities" of the prison system stood in his way. Brothers' unspecified difficulties are common to anyone who is incarcerated and are not extraordinary circumstances. See Wade v. Battle, 379 F.3d 1254 (11th Cir. 2004) (equitable tolling applies only in truly extraordinary circumstances and is typically applied sparingly); see e.g., United States v. Thomas, 2007 WL 624538 (N.D. Fla. Feb. 22, 2007) (prisoner status and the realities of incarceration are not extraordinary circumstances); Kalapp v. Crosby, 2005 WL 1345679 (M.D. Fla. June 6, 2005) (petitioner's complaints about ordinary circumstances faced by a pro se inmate in prison were not unusual or extraordinary). Accordingly, equitable tolling does not prevent application of AEDPA's time bar and Brothers is not entitled to review on the merits of his claims.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as time-barred.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 16th day of February, 2010.

UNITED STATES MAGISTRATE JUDGE

cc: Harold Brothers, pro se
DC# 183109
Century Correctional Institution
400 Tedder Road
Century, FL 32535-3659

Joseph A. Tringali, AAG
Office of the Attorney General
1515 North Flagler Drive
Suite 900
West Palm Beach, FL 33401-2299